UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GABRIEL M. RICH,

                            Plaintiff,

            v.                                                      9:25-CV-1049
                                                                    (GTS/DJS)

MINKLER, et al.,

                            Defendants.
_____

APPEARANCES:

GABRIEL M. RICH
Plaintiff, Pro se
23-B-3674
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

HON. LETITIA JAMES                          JUDSON N. KNAPPEN, ESQ.
Attorney for Defendants
NYS Office of The Attorney General
300 South State Street - Suite 300
Syracuse, NY 13202

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.      **INTRODUCTION**

        Pro se plaintiff Gabriel M. Rich ("plaintiff") commenced this action by filing a complaint

pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed in forma

pauperis ("IFP").  Dkt. No. 1 ("Compl."), Dkt. No. 7 ("IFP Application").  By Decision and Order

1

filed on October 1, 2025 (the "October 2025 Order"), this Court granted plaintiff's IFP application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  *See* Dkt. No. 11.  On the basis of that review, the Court found that the following claims survived review and required a response:  (1) First Amendment retaliation claim against defendant Minkler; (2) Eighth Amendment excessive force and failure-to-intervene claims against defendants Minkler, Harley, Ditch, and John/Jane Doe #1-5; and (3) Fourteenth Amendment disciplinary due process claims against defendants Brennan, Minkler, Wicks, and Harley.  *Id*. at 38.  Plaintiff was directed to advise the Court, in writing within thirty days, whether he waives for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement.  *Id*.  Plaintiff was also advised that, in the alternative, he may "demonstrate that the disciplinary sentence was reversed or invalidated."  *Id*. at 38, n. 13.

On October 20, 2025, plaintiff filed a motion for a stay further proceedings pending the outcome of his Article 78 petition.  Dkt. No. 13.  In an Order filed on December 3, 2025, the Court denied plaintiff's request without prejudice and directed plaintiff to provide the Court with copies of his complaint for service on defendants Brennan, Minkler, Wicks, Harley, and Ditch.  Dkt. No. 14.  The Court noted that, upon receipt of these documents, the Clerk shall issue summonses and forward them, along with five copies of the complaint, to the United States Marshal for service upon these officials.  *Id*.  Upon the completion of service, defendants Brennan, Minkler, Wicks, Harley, and Ditch, or their counsel, shall have thirty (30)

days to respond to plaintiff's letter request for a stay.  *Id*.  Plaintiff complied with the Court's directives and defendants filed an answer to the complaint.  Dkt. No. 28.

In an Order filed on March 24, 2026, the Court noted,

> Counsel has now appeared on behalf of the defendants and advised that the defendants do not oppose plaintiff's request for a stay. Dkt. No. 29 . In light of counsel's response, plaintiff's request for a stay of this action pending a ruling from the state court on plaintiff's Article 78 petition is conditionally granted. Plaintiff must advise the Court, within thirty (30) days, as to the status of the Article 78 proceeding. Provided that the action is progressing in a timely fashion, further proceedings in this case shall be stayed pending a ruling on the Article 78 petition.

Dkt. No. 30.

On March 27, 2026, plaintiff filed a letter request to lift the stay and to "consider his Article 78 brief as a supplement to the complaint."  Dkt. No. 31.

## II.   DISCUSSION

### A.  Motion to Lift Stay

Plaintiff claims that the underlying state court proceedings have concluded and requests that the stay be lifted and for the action to proceed.  *See* Dkt. No. 31.  Plaintiff's application is granted.

### B.  Motion to Amend/Supplement Complaint

Plaintiff also asks the Court to "treat my Article 78 brief" as a "supplemental or amended complaint" or, in the alternative, for it to be considered in connection with "any pending answer and affirmative defenses and any future pending motion to dismiss."  Dkt. No. 31 at 2.  With the letter, plaintiff provided copies of the following documents: (1) March 11, 2026 letter from the New York State Attorney General (Dkt. No. 31 at 6); (2) disciplinary

3

records (Dkt. No. 31 at 7-10); and (3) a copy of plaintiff's brief in support of Article 78 petition, with appendix (Dkt. No. 31 at 12-135).  In light of plaintiff's pro se status, the Court has construed the application as a motion to amend/supplement the complaint.

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 15.  Rule 15(a) states that leave to amend shall be freely given "when justice so requires."  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).  The Supreme Court has stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

*Foman*, 371 U.S. at 182.  An amendment or supplementation of a pleading is considered a "futile" act when the proposed claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).  The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion.  *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).

Understanding that plaintiff is proceeding pro se and affording as much leniency as possible, the Court is nonetheless compelled to deny plaintiff's motion for failure to comply with the Local Rules for the Northern District of New York and Federal Rules of Civil Procedure.

4

The Local Rules of Practice of the Northern District of New York require that a motion to amend or supplement be supported by a proposed pleading.  N.D.N.Y.L.R. 15.1(a).  Rule 15.1(a) further states that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference."  *Id.*  Rather, amended pleadings must be complete pleadings which will supersede the original pleading in all respects.  *Id.*  "One of the purposes of the requirement that an amended complaint be a complete pleading is to ensure that all of the allegations asserted against the defendant(s) are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him."  *See Walker v. Fischer,* No. 10 CV 1431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted).  "While we have insisted that the pleadings prepared by [ pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. U.S.*, 508 U.S. 106 (1993).

Plaintiff's motion is not supported by a proposed pleading in compliance with Local Rule 15.1.  Compliance with this Court's local rules is "not merely technical in nature" and failure to comply with Rule 15.1 is grounds for denying a motion to amend.  *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009); *see also White v. Clark*, No. 12-CV-0986 (NAM/RFT), 2012 WL 5877160, at *12 (N.D.N.Y. Nov. 20, 2012) (denying motion to amend because the plaintiff did not file a complete proposed amended pleading).  Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, it seems clear that plaintiff's motion is not intended to replace and supersede in its entirety the complaint in this action.  Moreover, plaintiff is seeking to attach 129 pages of exhibits to the complaint.  While

plaintiff may attach exhibits to his complaint, "he shall not incorporate them by reference as a means of providing the factual basis for his claims."  *Yant v. Walker*, No. 96-CV-1735 (RSP/GJD), 1997 WL 436842, at *2 (N.D.N.Y. July 29, 1997).  The Court may consider documents attached to a complaint, however, "it is [p]laintiff's burden to plead a short and plain statement of the claim."  *Windom v. Zatecky*, No. 2:21-CV-00304 (JPH/MJD), 2022 WL 44652, at *1 (S.D. Ind. Jan. 5, 2022) (citations omitted).  In cases such as this, where plaintiff has provided voluminous records, the Court should not be required to "sift through the documents and try to discern their potential relevance at the pleading stage."  *Windom,* 2022 WL 44652, at *1 (citation omitted); *see also Lindell v. Litscher*, 212 F.Supp.2d 936, 938 (W.D. Wis. 2002) (dismissing complaint with leave to replead where the plaintiff "omitted crucial facts" relating to his claims, "choosing instead to refer the court to one or more exhibits attached to the complaint that he incorporate[d] by reference as though fully set forth herein.").

Consequently, plaintiff's motion to amend/supplement is denied and complaint (Dkt. No. 1) remains the operative pleading.  Plaintiff is advised that within the time limits set forth in Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may submit to the Court for review an amended complaint as of right or, if necessary, a motion to amend/supplement supported by a proposed amended complaint.  Any proposed  amended complaint submitted must be a complete pleading which sets forth all of the claims plaintiff seeks to assert in this action against the persons named as defendants.  Any proposed amended complaint will be subject to the Court's review pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 15(a).

### III.    CONCLUSION

**WHEREFORE,** it is hereby

**ORDERED** that stay of this action is **LIFTED**; and it is further

**ORDERED t**hat plaintiff's motion (Dkt. No. 31) is **DENIED** in all further respects; and it

is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on

the parties in accordance with the Local Rules of Practice.

**Date: May 8, 2026**
**Syracuse, NY**

Glenn T. Suddaby
U.S. District Judge